UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GERALD W. WORKMAN and
MICHELE MAZZEI,

                           **Plaintiff,**

-against-                                             5:12-cv-00382
                                                          (TJM-ATB)

**CITY OF SYRACUSE; City of Syracuse Police
Detective THOMAS SKARDINSKI, in his
individual and official capacity; City of
Syracuse Police Detective RORY GILHOOLEY,
in his individual and official capacity; City of
Syracuse Police Detective JESS OKUN in
his individual and official capacity; City of
Syracuse Police Detective FRED LAMBERSTON,
in his individual and official capacity; COUNTY
OF ONONDAGA; Onondaga County
Sheriff Deputy SGT MICHAEL NORTON, in
his individual and official capacity; Onondaga
County Sheriff RUDY REED, in his individual
and official capacity; Onondaga County Sheriff
Deputy Detective ROBERT PITMAN, in his
individual and official capacity,**

                           **Defendants.**
_____

**THOMAS J. McAVOY,
Senior United States District Judge**

                              **DECISION & ORDER**

**I. INTRODUCTION**

      Plaintiffs commenced this action in New York State Supreme Court, Onondaga

County, alleging: (a) a state common law malicious prosecution claim by Plaintiff Gerald

1

Workman (First Cause of Action); (b) claims by both Plaintiffs alleging that their rights to be free from unreasonable searches and seizures under the New York Constitution were violated (Second Cause of Action); and (c) claims by both Plaintiffs alleging that their rights to be free from unreasonable searches and seizures under the United States Constitution were violated (Third Cause of Action). The matter was removed to this Court.

Presently before the Court is Plaintiffs' motion seeking: (a) a Declaratory Judgment that the Syracuse Second Hand Dealer Ordinance of 1962 and Onondaga Local Law No. 3 of 1981 are unconstitutional on their face and as applied; and (b) a ruling that Defendants are collaterally estopped from "re-litigating the issues of consent to search and the applicability of Onondaga Local Law No. 3 of 1981." Defendants have opposed the motion on both grounds. For the reasons that follow, the motion is denied.

## II. DISCUSSION

### a. Declaratory Judgment

It is well-settled that

> [a]n action for declaratory judgment must satisfy the well-pleaded complaint rule. . . . A proper complaint for declaratory relief must disclose a legal right, relation, status, or interest claimed by the plaintiff over which a dispute with the defendant has arisen, and the request for relief must be made in the pleadings. However, declaratory relief cannot be granted by motion; indeed, a party cannot file a pretrial motion to obtain a declaratory judgment. A complaint seeking declaratory relief must allege ultimate facts showing that there is a bona fide adverse interest between the parties concerning a power, privilege, immunity, or right of the plaintiff; the plaintiff's doubt about the existence or nonexistence of his or her rights or privileges; and that he or she is entitled to have the doubt removed. Also, the complaint for declaratory relief must recite in sufficient detail an actual and legal controversy between the parties and must demonstrate that the plaintiff is interested in the pleadings.

22A Am. Jur.2d, Declaratory Judgments § 218 (2014)(citations omitted).

The Complaint does not contain a cause of action seeking a declaratory judgment. Further, a declaratory judgment is not sought in the Complaint's demand for relief. While the Complaint does seek, *inter alia*, "declaratory damage that the Plaintiff's constitutional rights under the Fourth and Fourteenth [*sic*] of the U.S. Constitution and Article One of the New York State Constitution to be free from unlawful search and seizure were violated," this is not a demand for a judicial declaration addressed to the constitutionality of any particular statute, ordinance, or regulation. Further, Plaintiffs neither seek injunctive relief relative to the Syracuse Second Hand Dealer Ordinance of 1962 or Onondaga Local Law No. 3 of 1981, nor provide any basis upon which to conclude that they continue to be affected by these regulations.[1] Rather, Plaintiffs ostensibly seek, by way of motion, a ruling that will aid them in proving their claims set forth in their three Causes of Action. This is insufficient.

The request for a "declaratory judgment," made only by way of motion, is not properly before the Court. See Arizona v. City of Tucson, 761 F.3d 1005, 1010 (9th Cir. 2014)("A request for declaratory relief is properly before the court when it is pleaded in a complaint for declaratory judgment. Requests for declaratory judgment are not properly before the court if raised only in passing, or by motion.")(internal quotation marks and citation omitted). Plaintiffs' motion in this regard is denied.

**b.     Collateral Estoppel**

Plaintiffs contend that Defendants should be collaterally estopped from "re-litigating the issues of consent to search and the applicability of Onondaga Local Law No. 3 of 1981"

---

[1] Indeed, Plaintiffs attach a decision from Workman's criminal suppression hearing in which the Hon. William D. Walsh, Onondaga County Court Judge, ruled that these regulations were unconstitutional under the New York Constitution. The Court fails to see how these regulations will affect Plaintiffs in the future.

3

because those issues were resolved by the Hon. William D. Walsh, Onondaga County Court Judge, in Workman's criminal suppression hearing. The Court disagrees.

When deciding issues of collateral estoppel, federal courts rely on state law principles to determine the preclusive effect of a state court decision. Migra v.Warren City School Dist. Bd. of Educ., 465 U.S. 75, 79 (1984). "In New York, collateral estoppel has two essential elements. 'First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination.'" Jenkins v. City of New York, 478 F.3d 76, 85 (2d Cir. 2007)(quoting Juan C. v. Cortines, 89 N.Y.2d 659, 667, 657 N.Y.S.2d 581, 679 N.E.2d 1061 (N.Y.1997) (internal citation and quotation marks omitted)); see Krug v. County of Rennselear, et al., 559 F. Supp. 2d 223 (N.D.N.Y., 2008)(Doctrine of Collateral Estoppel applies to issues in a second action if they are identical, necessarily decided and material in the first action and the party had a full and fair opportunity to litigate in the first action.)

> Generally, a nonparty to the prior litigation may be collaterally estopped by a determination in that litigation only if he has "a relationship with a party to the prior litigation such that his own rights or obligations in the subsequent proceeding are conditioned in one way or another on, or derivative of, the rights of the party to the prior litigation." D'Arata v. New York Cent. Mut. Fire Ins. Co., 76 N.Y.2d 659, 664, 563 N.Y.S.2d 24, 564 N.E.2d 634 (N.Y.1990); see also Brown v. City of New York, 60 N.Y.2d 897, 898, 470 N.Y.S.2d 573, 458 N.E.2d 1250 (N.Y.1983).

Jenkins, 478 F.3d at 85.

"The New York Court of Appeals has held that the relationship between a municipality and the district attorney is not one of privity." Id. Similarly, the relationship between a police officer who testifies at a suppression hearing, but who is not a party to the criminal proceeding, is not one of privity with the State. Id. at 86.

4

Moreover, when determining whether to preclude a party from litigating an issue under collateral estoppel, the extent to which the party "exercised some degree of actual control over the presentation of proof in the prior proceedings," and the ability to appeal the decision, are also factors to be considered. Krug, 559 F. Supp 2d at 243-44. Although some of the individual City and County defendants testified at the suppression hearing, none were in control of the presentation of proof or able to appeal the decision of the Judge. Therefore, Defendants did not exert the necessary degree of control over the prior litigation to be precluding from litigating issues that were decided in the state court proceeding.

For these reasons, none of the Defendants may be precluded by the doctrine of collateral estoppel from litigating any issue decided in the suppression hearing. Plaintiffs' motion in this regard is denied.

### III.   CONCLUSION

For the reasons discussed above, Plaintiffs' motion [dkt. # 29] is, in all respects, **DENIED.**

**IT IS SO ORDERED.**

Dated: January 22, 2015

_____
Thomas J. McAvoy
Senior, U.S. District Judge

5